COURT OF APPEALS
DECISION
DATED AND FILED

July 28, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2022AP532**

**STATE OF WISCONSIN**

Cir. Ct. No.  2019TP35

**IN COURT OF APPEALS
DISTRICT III**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO K. V.,
A PERSON UNDER THE AGE OF 18:

BROWN COUNTY DEPARTMENT OF HUMAN SERVICES,

    PETITIONER-RESPONDENT,

  V.

J. V.,

    RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Brown County: BEAU LIEGEOIS, Judge. *Reversed and cause remanded with directions.*

¶1      HRUZ, J.[1]  Jennifer[2] appeals from an order terminating her parental rights to her son, Kyle.  She contends that the circuit court erred by granting partial summary judgment in this termination of parental rights ("TPR") proceeding on the continuing denial of visitation ground.[3]  Jennifer argues that the order denying her visitation with Kyle failed to include the written notice required by statute that her rights could be terminated under that ground.

¶2      We agree that Jennifer was not provided with the required notice.  As a result, the Brown County Department of Human Services ("the County") did not meet its burden to prove, by clear and convincing evidence, that each element of the continuing denial of visitation ground was met.  Accordingly, we conclude that partial summary judgment in favor of the County was improper.  We therefore reverse the order terminating Jennifer's parental rights and remand with directions that the circuit court grant summary judgment in Jennifer's favor on the continuing denial of visitation ground.

---

[1]  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2019-20).  All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2]  For ease of reading and to protect confidentiality, we refer to the appellant and her son in this confidential matter using pseudonyms, rather than their initials or names.

[3]  Cases appealed under WIS. STAT. RULE 809.107 "shall be given preference and shall be taken in an order that ensures that a decision is issued within 30 days after the filing of the appellant's reply."  *See* RULE 809.107(6)(e).  Conflicts in this court's calendar have resulted in a delay.  It is therefore necessary for this court to sua sponte extend the deadline for a decision in this case.  *See* WIS. STAT. RULE 809.82(2)(a); ***Rhonda R.D. v. Franklin R.D.***, 191 Wis. 2d 680, 694, 530 N.W.2d 34 (Ct. App. 1995).  Accordingly, we extend our deadline to the date this decision is issued.

**BACKGROUND**

¶3      The Outagamie County Department of Health and Human Services temporarily removed Kyle from Jennifer's home when he was around fourteen months old, following concerns over Jennifer's mental health and substance abuse. Soon thereafter, that department filed a petition alleging that Kyle was a child in need of protection or services ("CHIPS"). The Outagamie County Circuit Court entered a CHIPS dispositional order on February 20, 2018, continuing Kyle's out-of-home placement. Approximately two months later, venue of the CHIPS action was transferred to Brown County.

¶4      On October 2, 2018, the County filed a request to modify the CHIPS dispositional order and suspend Jennifer's visitation rights. At a hearing on October 30, 2018, the circuit court stated that it would be suspending Jennifer's visitation rights, subject to her completing certain conditions. The court did not orally warn Jennifer that her parental rights could be terminated after a year if her visitation rights were not reinstated. Shortly thereafter, on November 2, 2018, the court entered an order (effective October 30, 2018, the date of the hearing) revising the original dispositional order and denying Jennifer visitation, subject to several conditions. We refer to this order as "the revision order."

¶5      On November 5, 2018, the County mailed to Jennifer the revision order, a copy of Jennifer's court-ordered conditions, and a copy of the "Notice Concerning Grounds to Terminate Parental Rights." This notice had been signed by Jennifer on July 11, 2018, several months prior to the revision order. The top of the form includes the following language:

> Your parental rights can be terminated against your will under certain circumstances. A list of potential grounds to terminate your parental rights is given below. Those that

> are check-marked may be most applicable to you, although
> you should be aware that if any of the others also exist now
> or in the future, your parental rights can be taken from you.

Thirteen potential grounds for termination are listed on the form. Of these, a check mark was made in the boxes that corresponded with three potential grounds: (1) abandonment; (2) continuing need of protection or services; and (3) failure to assume parental responsibility. The box corresponding to the continuing denial of visitation ground was left unchecked.

¶6 On November 12, 2019, the County petitioned for the termination of Jennifer's parental rights, alleging only the continuing denial of visitation ground. The County subsequently filed a motion for partial summary judgment, arguing that there were no issues of material fact regarding that ground. Jennifer opposed the motion, arguing that she had not been warned that the failure to meet her conditions and regain visitation within a year could lead to the termination of her parental rights. In response, the County conceded that Jennifer had not been provided with an oral warning at the October 2018 hearing, but it argued that the written notice of potential grounds warning attached to the revision order was "sufficient under the law."

¶7 Although the circuit court initially denied the County's summary judgment motion due to "genuine issues of material fact and issues concerning [Jennifer's] due process rights," it later reconsidered that decision at the County's request. In an oral ruling and accompanying written decision, the court granted the County partial summary judgment on the continuing denial of visitation ground, and it found Jennifer to be an unfit parent. The court explained in its written order:

> There was a valid revised order denying physical placement
> or visitation issued by Judge Zuidmulder on October 30,

4

> 2018, and signed by Judge Zuidmulder on November 2, 2018. This revised order was an Order for Revision of Dispositional Order under [WIS. STAT.] § 48.363. This order included reasonable conditions that [Jennifer] could accomplish through treatment providers in the community. [Jennifer] was notified of the possibility of her parental rights being terminated in compliance with [WIS. STAT.] § 48.356.

¶8 The circuit court then noted that Jennifer had otherwise received sufficient notice of the potential termination of her parental rights. It explained that in addition to the notice form mailed to Jennifer on November 5, 2018, after her visitation was denied, she had also received subsequent written warnings on January 18, 2019, and July 22, 2019. The court also pointed to a written notice provided on January 6, 2020, after the County had filed its petition to terminate Jennifer's parental rights. Accordingly, the court concluded that the record was "substantial that the County has satisfied the notice requirements of [WIS. STAT.] § 48.356 by clear, convincing, and undisputed documented evidence in the court record."

¶9 Following a dispositional hearing, the circuit court terminated Jennifer's parental rights to Kyle. Jennifer now appeals.

## DISCUSSION

¶10 Jennifer argues that the circuit court erred by granting partial summary judgment to the County because the revision order did not include a warning that her parental rights could be terminated under the continuing denial of visitation ground, as required by WIS. STAT. §§ 48.415(4) and 48.356(2). We agree that Jennifer was not provided with the notice required by these statutes.

5

¶11 The legislature has set forth a two-part statutory procedure for cases seeking to involuntarily terminate an individual's parental rights over his or her child. *Sheboygan Cnty. Dep't of Health and Hum. Servs. v. Julie A.B.*, 2002 WI 95, ¶24, 255 Wis. 2d 170, 648 N.W.2d 402. In the first, or "grounds," phase of the proceeding, the TPR petitioner must prove by clear and convincing evidence the existence of one or more grounds for termination enumerated in WIS. STAT. § 48.415. "Partial" summary judgment may be granted at the grounds phase of a TPR case and is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Steven V. v. Kelley H.*, 2004 WI 47, ¶6, 271 Wis. 2d 1, 678 N.W.2d 856; *see also* WIS. STAT. § 802.08(2). The Wisconsin Supreme Court has determined that certain grounds for termination under § 48.415 are more appropriate for summary judgment, including the continuing denial of visitation ground, because the grounds are "expressly provable by official documentary evidence, such as court orders or judgments of conviction." *Steven V.*, 271 Wis. 2d 1, ¶37. We review a grant of summary judgment in a TPR proceeding de novo, applying the same methodology as the circuit court. *State v. Bobby G.*, 2007 WI 77, ¶36, 301 Wis. 2d 531, 734 N.W.2d 81.

¶12 The continuing denial of visitation ground in WIS. STAT. § 48.415(4) places the burden on the County to prove the following by clear and convincing evidence:

> (a) That the parent has been denied periods of physical placement by court order in an action affecting the family or has been denied visitation under an order under [WIS. STAT. §§] 48.345, 48.363, 48.365, 938.345, 938.363 or 938.365 containing the notice required by [WIS. STAT. §§] 48.356(2) or 938.356(2).

> (b) That at least one year has elapsed since the order denying periods of physical placement or visitation was issued and the court has not subsequently modified its order so as to permit periods of physical placement or visitation.

Jennifer was denied visitation under § 48.363, the statutory section governing the revision of dispositional orders. Although Jennifer acknowledges that over a year elapsed after the revision order denying her visitation was entered, she contends she was not provided with the statutory notice required by § 48.356(2). Section 48.356, addressing the duty of a circuit court to warn parents of any TPR ground that may be applicable, has two notice components—an oral warning and a written warning. Subsection 48.356(2)—in addition to § 48.356(1), which describes "the information" to be included in the written order issued under subsec. (2)—reads:

> (1) Whenever the court orders a child to be placed outside his or her home, orders an expectant mother of an unborn child to be placed outside of her home, or denies a parent visitation because the child or unborn child has been adjudged to be in need of protection or services under [WIS. STAT. §§] 48.345, 48.347, 48.357, 48.363, or 48.365 and whenever the court reviews a permanency plan under [WIS. STAT. §] 48.38(5m), the court shall orally inform the parent or parents who appear in court or the expectant mother who appears in court of any grounds for termination of parental rights under [§] 48.415 which may be applicable and of the conditions necessary for the child or expectant mother to be returned to the home or for the parent to be granted visitation.

> (2) In addition to the notice required under sub. (1), any written order which places a child or an expectant mother outside the home or denies visitation under sub. (1) shall notify the parent or parents or expectant mother of the information specified under sub. (1).

¶13 "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'" *State ex rel.*

*Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially defined words or phrases are given their technical or special definitional meaning. *Id.* In addition, "statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46. Statutory language is read, where possible, to give reasonable effect to every word, in order to avoid surplusage. *Id.* The interpretation and application of a statute present questions of law that we review de novo while benefiting from the circuit court's analysis. *State v. Arberry*, 2018 WI 7, ¶14, 379 Wis. 2d 254, 905 N.W.2d 832.

¶14 A plain reading of WIS. STAT. § 48.415(4) shows that in order for the County to meet its burden of proving that the continuing denial of visitation ground has been met, the order denying a parent visitation must contain the notice required by WIS. STAT. § 48.356(2). Pursuant to § 48.356(2), "any written order" denying a parent visitation *must* contain notice of "any grounds for termination of parental rights under [§] 48.415 which may be applicable and of the conditions necessary … for the parent to be granted visitation." Sec. 48.356(1). In other words, not only is the circuit court independently required by § 48.356(1) to give parents an oral warning of the possible grounds for the termination of their parental rights at the hearing denying visitation, but under § 48.415(4)(a), a necessary element of the continuing denial of visitation ground is that the court provide written notice of those possible grounds within the accompanying order.

¶15 In Jennifer's case, the required notice was not provided. Along with the revision order, Jennifer was mailed a copy of the notice of the possible

grounds for termination of her parental rights, a form that she had initially received and signed four months prior to the revision hearing. Although Jennifer was not made to sign a new form informing her of the potential grounds for termination at issue, because the notice form was attached to the written revision order, it served as written notice of the potential grounds for termination of her parental rights. Jennifer agrees that "[t]hree grounds were check-marked and had the continuing denial ground been one of the check-marked grounds, that likely would [have been] sufficient [notice]."

¶16     As Jennifer makes clear, however, the form *did not* indicate with an "x" that the continuing denial of visitation ground might be applicable to her.[4] We

---

[4] Jennifer notes that when the circuit court granted the County's motion for partial summary judgment, it concluded that the written notice was sufficient, in part, because Jennifer was sent additional written notices—subsequent to the notice attached to the revision order—stating that the continuing denial of visitation ground could apply. Jennifer argues that these notices were insufficient to satisfy the statutory notice requirement, as they came after the one-year denial of visitation clock began to run and none of them accompanied the order denying visitation.

In support of her position, Jennifer cites to two recent unpublished cases that each relied on the plain language of WIS. STAT. § 48.415(4)(a) to reject arguments that the notice requirement therein could be satisfied by considering more than one order. *See Jackson Cnty. Dep't of Hum. Servs. v. R.H.H.*, Nos. 2018AP2440, 2018AP2441, 2018AP2442 and 2018AP2443, unpublished slip op. ¶2 (WI App Apr. 4, 2019); *Brown Cnty. Dep't of Health and Hum. Servs. v. L.F.H.*, No. 2019AP145, unpublished slip op. ¶16 (WI App Apr. 23, 2019). Unpublished opinions authored by a single judge and issued on or after July 1, 2009, may be cited for their persuasive value. *See* WIS. STAT. RULE 809.23(3)(b). The County appears to agree with Jennifer's contention that this court's focus should be on the order denying Jennifer's visitation, arguing that the issue of whether notice was provided by "one order or more than one order is moot" because, it contends, Jennifer received sufficient notice attached to the initial order denying her visitation. In addition, nowhere does the County argue that sufficient notice could be provided through more than one order. As a result, we limit the scope of our analysis on the sufficiency of the notice to the contents and attachments of the single order denying Jennifer's visitation.

(continued)

note that although an *oral warning* is not explicitly required for the purposes of proving the continuing denial ground under WIS. STAT. § 48.415(4)(a), the parties agree that no oral warning was given to Jennifer at the revision hearing. This fact further supports a conclusion that Jennifer was not provided with the required notice that the continuing denial of visitation ground could be applicable to her, as she received neither oral nor written warnings to that effect.

¶17    The County disagrees, arguing that Jennifer did receive sufficient notice. It contends that the general language included at the top of the notice form—i.e., "those [grounds] that are check-marked may be most applicable to you, although you should be aware that if any of the others also exist now or in the future, your parental rights can be taken from you"—sufficiently notified Jennifer that she could be subject to a termination of her parental rights on the continuing denial of visitation ground, even though there was no check-mark next to that ground on the form.[5]    We disagree that this general prefatory language was sufficient under the statutory scheme.

_____

Even if we were to consider the later notices provided to Jennifer, because the one-year statutory period for the continuing denial of visitation ground begins running when visitation is denied, these later notices would not have provided Jennifer with a full year in which she would be aware that the continuing denial of visitation ground could be applicable to her. Furthermore, the notice provided to Jennifer after the County filed its TPR petition would be of no use to her, as the one-year period without visitation would already have passed. We conclude that none of the subsequent notices was sufficient to provide the notice required by WIS. STAT. § 48.415(4)(a), which states that such notice must be included in the written order denying visitation.

[5] The County spends a considerable portion of its brief arguing that Jennifer incorrectly cites the notice requirement statute as WIS. STAT. § 48.356, generally, as opposed to § 48.356(2), specifically. In addition, the County seems to interpret Jennifer's citation to § 48.356 as an argument that the notice she received was inadequate because it was not provided orally. As Jennifer points out in her reply brief, however, referring generally to "the statutory notice requirements of … [§] 48.356" is not misleading because § 48.356(2) expressly requires notice of "the information specified under sub. (1)."

(continued)

¶18 As an initial matter, we stress the relevant language in Wis. Stat. § 48.356(1), which is directly incorporated into § 48.356(2). To explain, our legislature defined the necessary information to be provided in the written notice as "the information specified under sub. (1)." Sec. 48.356(2). As relevant here, the legislature then chose to define that necessary information as "*any grounds* for termination of parental rights under [Wis. Stat. §] 48.415 *which may be applicable*." Sec. 48.356(1) (emphasis added). Notably, the statutory direction is not to inform a parent of all grounds that exist under the law upon which a termination may be granted. If that were the case, merely including a plain copy of § 48.415, which lists every possible ground for a TPR, would suffice. Instead, the language employed plainly contemplates that such a notice consider the *applicability* of particular grounds, albeit with the inclusion of the language "may be" so as to reflect the forward-looking analysis inherent in considering an uncertain future. Our analysis must give meaning to all of the language in these governing statutes. Otherwise, a parent is not given the notice—as intended by our legislature—necessary to give that parent an opportunity to conform his or her conduct to avoid having the "state exercise[] its awesome power to terminate parental rights." *Waukesha County v. Steven H.*, 2000 WI 28, ¶25, 233 Wis. 2d 344, 607 N.W.2d 607 (citing *D.F.R. v. Juneau Cnty. Dep't of Soc. Servs.*, 147 Wis. 2d 486, 433 N.W.2d 609 (Ct. App. 1988)), *abrogated on other grounds by*

---

In addition, we observe that Jennifer refers to Wis. Stat. § 48.356(2) where necessary to make a distinction between the subsections, and she does not misstate the law or argue that Wis. Stat. § 48.415(4)(a) requires proof of an oral warning. Importantly, in her reply brief, Jennifer specifically responds to the County's contention, explaining that she does *not* argue that an oral warning is required to meet the statutory requirements under § 48.415(4)(a). Indeed, she affirmatively states, "It is clear that the continuing denial ground does not require proof that the parent received an oral warning when visitation is denied. Only proof of written notice is required to proceed under the continuing denial ground …." Accordingly, we need not address the County's argument further.

*Steven H.*, 233 Wis. 2d 344, ¶28, *modified on other grounds by St. Croix Cnty. Dep't of Health and Hum. Servs. v. Michael D.*, 2016 WI 35, 368 Wis. 2d 170, 880 N.W.2d 107.

¶19    Jennifer points to two analogous cases to guide and help confirm our analysis of whether the notice that occurred in this case was sufficient. In ***D.F.R.***, this court reversed a termination order for failure to provide adequate notice as required by WIS. STAT. § 48.356(2). There, the notice attached to the order was in the form of copies of WIS. STAT. § 48.415 (the statute listing all potential grounds for a TPR) and § 48.356, with an assertion that the parents had gone over § 48.356 with an intake worker. ***D.F.R.***, 147 Wis. 2d at 490. We concluded that the intent of § 48.356(2) was to provide the parent with warning of any "applicable" grounds, and that a specific warning regarding any applicable grounds was therefore necessary—not simply a list of all possible grounds, whether relevant or not. ***D.F.R.***, 147 Wis. 2d at 496. We subsequently confirmed this distinction in ***M.P. v. Dane County Department of Human Services***, 170 Wis. 2d 313, 488 N.W.2d 133 (Ct. App. 1992), concluding that notice was sufficient where the circuit court "did not simply supply a copy of the lengthy statute, as [in ***D.F.R.***]," but specifically provided written notice of the grounds for termination that could apply. ***M.P.***, 170 Wis. 2d at 323.

¶20    We view Jennifer's notice as more problematic than the notice provided in ***D.F.R.*** Although in this case several boxes on the notice form were checked, the continuing denial ground *was not among them*. This omission resulted in a form that was not merely nonspecific, but was actually misleading. Because the form's prefatory language describes the check-marked grounds as "those that may be most applicable to you," its recipient could reasonably interpret those grounds as the relevant, timely grounds affecting his or her parental rights.

12

Although the prefatory language notes "that if any of the others also exist now or in the future, your parental rights can be taken from you," it is conversely unlikely that a recipient of the form would necessarily make the assumption that one of the unchecked boxes would be immediately relevant—or, as in the case of the continuing denial of visitation ground, start the running of a one-year clock threatening one's parental rights.

¶21   The foregoing concerns are particularly relevant in this case, as Jennifer was not provided with an oral warning that this ground could apply, or that this revision order specifically—among all of the other procedures in which Jennifer had been a participant—would possibly subject her to a termination of her parental rights.  We conclude that the prefatory language "if any of the grounds exist now or in the future, your parental rights can be taken from you" does not automatically meet WIS. STAT. § 48.356(2)'s requirement that notice be given of those grounds which "may be applicable."  Without a more specific indication of which grounds might be applicable, that language is little better than providing a copy of the statute, which was determined to be insufficient in *D.F.R.*  The language should not be able to "fill the gap" of providing adequate statutory notice to any recipient of the form, regardless of whether the grounds checked are relevant, or even if they are checked at all.

¶22   In other words, the general language "those that are check-marked may be most applicable to you, although you should be aware that if any of the others also exist now or in the future, your parental rights can be taken from you" is perhaps a broad informational warning, but it cannot be said to provide meaningful notice that the continuing denial of visitation ground was relevant to Jennifer's circumstances.  As the Wisconsin Supreme Court stated in *Steven H.*,

> The notice required by WIS. STAT. §§ 48.356(2) and 48.415(2) is meant to ensure that a parent has *adequate notice* of the conditions with which the parent must comply for a child to be returned to the home. The notice is also meant to forewarn parents that their parental rights are in jeopardy.

*Steven H.*, 233 Wis. 2d 344, ¶37 (emphasis added). The prefatory language on the form provided to Jennifer did not constitute "adequate" notice or forewarn Jennifer of the manner in which—including the time by when—her parental rights might be at risk if she did not meet certain conditions, particularly considering the misleading selection of different grounds for termination than were ultimately pursued.

¶23 The County cites *Cynthia E. v. LaCrosse County Human Services Department*, 172 Wis. 2d 218, 223, 493 N.W.2d 56 (1992), for the proposition that "the fact that written orders contain more grounds than those applicable at the time of the order does not mean the orders did not comply with WIS. STAT. § 48.356(2)." However, Jennifer rightly points out that the court in *Cynthia E.* "decline[d] to reach the issues of whether § 48.356(1) is ambiguous and what § 48.356(1) means" because the parties agreed that Cynthia E. had received proper oral notice that the continuing denial of visitation ground could apply. *Cynthia E.*, 172 Wis. 2d at 227. As a result, the court held that indicating five of the six then-existing grounds for termination could apply was not insufficient notice, as the written notice matched the oral warning the court gave that the continuing denial of visitation ground could apply. *Id.* Here, in contrast, an oral warning was not given, nor was the continuing denial of visitation ground checked as possibly relevant in the written notice provided. *Cynthia E.* addresses a different set of circumstances, and the County's argument is therefore not persuasive.

¶24    On these facts, Jennifer received inadequate notice that she was subject to termination of her parental rights on the continuing denial of visitation ground at the time she was required to receive such notice.  While the bar for providing sufficient notice may be low, it was not met here.  As a result, the County failed to meet its burden of proving that the elements under WIS. STAT. § 48.415(4) had been satisfied by clear and convincing evidence, and the circuit court therefore erred by granting partial summary judgment on the continuing denial of visitation ground.

¶25    Jennifer argues that the appropriate remedy in this appeal is the reversal of the circuit court's summary judgment order and the entry of summary judgment on the continuing denial of visitation ground in her favor.  She points to cases in which appellate courts have held that summary judgment should be granted in favor of the parent on the continuing denial of visitation ground where the petitioner was unable to prove that the required elements under WIS. STAT. § 48.514(4) were met.  *See Jackson Cnty. Dep't of Hum. Servs. v. R.H.H.*, Nos. 2018AP2440, 2018AP2441, 2018AP2442 and 2018AP2443, unpublished slip op. ¶2 (WI App Apr. 4, 2019); and *Brown Cnty. Dep't of Health and Hum. Servs. v. L.F.H.*, No. 2019AP145, unpublished slip op. ¶25 (WI App Apr. 23, 2019).  The County does not address Jennifer's argument regarding the appropriate remedy.

¶26    Because we conclude that the record conclusively establishes the County cannot prove it provided Jennifer with the notice required under WIS. STAT. § 48.514(4), we agree with Jennifer's proposed remedy.  Accordingly, we reverse the order terminating Jennifer's parental rights and remand with directions that the circuit court grant summary judgment in Jennifer's favor on the continuing denial of visitation ground.

*By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.